IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,988-03






EX PARTE TVAN BISHOP BRYANT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM JACKSON COUNTY

IN CAUSE NO. 02-11-6683

IN THE TWENTY-FOURTH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of delivery of cocaine and sentenced to confinement for twenty years. 
Applicant's conviction was affirmed on appeal. Bryant v. State (Tex. App.--Corpus Christi
2004, pet. ref'd).

 Applicant contends that counsel was ineffective. He contends that counsel failed to
investigate whether the offense was committed in a drug free zone and, specifically, whether
any location within 1000 feet of the delivery constituted a playground as defined under Tex.
Health and Safety Code § 481.134(a). 

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to what investigation counsel conducted and what evidence was presented to establish that
the delivery occurred within 1000 feet of a playground as defined under Tex. Health and
Safety Code § 481.134(a). If the trial court finds that counsel failed to adequately investigate
the location of the delivery, it shall make findings of fact as to whether counsel was
ineffective. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8th DAY OF FEBRUARY, 2006.






DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.